**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATARINO GONZALEZ RINCON, | No. 23-3596 |
| Petitioner, | Agency No. A208-265-024 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2025**

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Petitioner Catarino Gonzalez Rincon ("Gonzalez Rincon") is a native and

citizen of Mexico. He petitions for review of a Board of Immigration Appeals

("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") order

(collectively "agency"). The agency denied his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and does not express disagreement with the IJ, we review both the BIA's and the IJ's decisions. *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Gonzalez Rincon argues that he is eligible for withholding of removal based on his membership in a proposed particular social group ("PSG") of "returning Mexicans after a long residency in the United States who will be perceived as wealthy" and an imputed political opinion. A PSG must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Whether a group constitutes a cognizable PSG "is a question of law that we review de novo." *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019).

---

[1] Gonzalez Rincon did not appeal the IJ's dismissal of his asylum claim on timeliness grounds, and he concedes that he is statutorily ineligible for asylum. Accordingly, we only address his claims for withholding of removal and protection under CAT.

The agency did not err in concluding that the proposed PSG of "returning Mexicans after a long residency in the United States who will be perceived as wealthy" is not cognizable. We have held that the nearly identical proposed PSG of "individuals returning to Mexico from the United States who are believed to be wealthy" is not cognizable because it is not defined with particularity. *Id.* at 1059–60 (cleaned up) (citing *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that the proposed PSG of "imputed wealthy Americans" is not "sufficiently particular that it can be described with passable distinction that the group would be recognized as a discrete class of persons")). We have also held that "'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam). Accordingly, Gonzalez Rincon's proposed PSG is not cognizable because it is not sufficiently particular.

Substantial evidence supports the agency's determination that Gonzalez Rincon failed to establish a nexus between his fear of future harm and an imputed political opinion. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (holding that withholding of removal requires a protected ground to be "a reason" for persecution). Gonzalez Rincon fears that the political opinion of "[o]pposition to the strategy of using violence" would be imputed to him because "cartels or other criminal groups" would seek to "recruit[]" him and his refusal to join would

3                                                    23-3596

be construed as a political opinion. Gonzalez Rincon presents no evidence that a criminal group would attempt to recruit him or impute this political opinion to him. The only relevant evidence Gonzalez Rincon presents is that he and his family members have been victims of assault and robbery. But Gonzalez Rincon failed to establish that these incidents were on account of an imputed political opinion because he does not know the identities or motives of the persons responsible. The agency's negative nexus determination is thus supported by substantial evidence.

2. Substantial evidence supports the agency's determination that Gonzalez Rincon is ineligible for protection under CAT because he failed to establish a "chance greater than fifty percent that he will be tortured" if removed to Mexico. *Hamoui v. Ashcroft*, 389 F.3d 821, 827 (9th Cir. 2004). Gonzalez Rincon's evidence is "insufficient to meet this standard" because he presents only "generalized evidence of violence and crime in Mexico [that] is not particular to him." *Delgado-Ortiz*, 600 F.3d at 1152.

Respondent's motion to submit the case on the briefs without oral argument, Dkt. 27, is denied as moot.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.